UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELAINE CHAMBERS,<br>      Plaintiff,<br><br>   vs.<br><br>MIDWEST INDEPENDENT<br>TRANSMISSION SYSTEM OPERATOR,<br>INC.,<br>      Defendant. | 1:08-cv-1395-LJM-DML |

**ORDER ON DEFENDANT'S MOTION REQUESTING THAT PLAINTIFF BE ORDERED TO WITHDRAW HER NOTICE OF ACCEPTANCE OF DEFENDANT'S OFFER OF JUDGMENT (AND ATTACHMENTS), TO REFILE IT IN A FORM THAT PRESERVES CONFIDENTIAL INFORMATION, AND TO REIMBURSE DEFENDANT FOR ITS COSTS AND FEES**

This matter comes before the Court on Defendant's, Midwest Independent Transmission System Operator, Inc. ("Midwest ISO"), motion requesting that Plaintiff, Elaine Chambers ("Chambers"), be ordered to withdraw her notice of acceptance of Midwest ISO's offer of judgment and refile it in a form that preserves "confidential information." Further, Midwest ISO moves for costs and fees associated not only with its motion but also with preparing for a telephone conference to discuss this issue. For the following reasons, Midwest ISO's motion is **DENIED**.

## I. BACKGROUND

On July 12, 2010, Midwest ISO served a written offer of judgment on Chambers under Federal Rule of Civil Procedure 68. The offer contained language stating that it was made to Chambers in exchange for "assurances of confidentiality" among other things.

Dkt. No. 82-1. On July 15, 2010, Chambers accepted the offer, serving notice of her acceptance on Midwest ISO through the Court's electronic filing system on July 15, 2010. She also filed the offer, notice of acceptance, and proof of service as allowed by rule. Fed. R. Civ. P. 68. On July 16, 2010, the parties participated in a telephone conference regarding Chambers' filing. Then, Midwest ISO filed this motion regarding whether the documents containing the amount Midwest ISO offered should be withdrawn and refiled keeping the offer amount secret as a result of Chambers purported violation of the confidentiality condition contained in Midwest ISO's order.

## II.  DISCUSSION

By its motion, Midwest ISO contends that Chambers violated the terms of the offer of judgment by concurrently serving it with her notice of acceptance and filing the offer, notice of acceptance, and proof of service with the court in a manner that failed to protect the "confidential information" contained within the offer. Midwest ISO argues that as a result of Chambers' alleged defective service of her acceptance both in manner and time as well as her disclosure of the offer amount, the Court should require her to withdraw her filing and refile omitting any reference to the settlement amount.

Rule 68 provides in pertinent part:

At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and the notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68. Midwest ISO contends that Chambers failed to serve acceptance of the offer on Midwest ISO in violation of Rule 68. Service, for the purposes of Rule 68, is governed by Federal Rule of Civil Procedure 5. *See* Fed. R. Civ. P. 5(a); *Grosvenor v. Brienen*, 801 F.2d 944, 948 (7th Cir. 1986). Local Rule 5.8 states that "[e]xcept for documents filed under seal, transmission of the Notice of Electronic Filing to an attorney's registered e-mail address constitutes service of the hyperlinked document(s) upon the attorney." Therefore, Chambers did, within the meaning of Rule 68, serve her notice of acceptance on Midwest ISO when she filed it electronically.

Midwest ISO further contends that Rule 68 requires the plaintiff to serve written notice of acceptance of the offer of judgment on the defendant prior to filing the offer, notice of acceptance, and proof of service with the Court. Def.'s Mot. ¶ 4, n.1. Midwest ISO asserts that because Chambers did not serve her written notice of acceptance on it prior to filing, the Court should require Chambers to withdraw her notice of acceptance and the offer of judgment and refile them in a form that preserves confidential information. It further argues that if Chambers had followed the rule as Midwest ISO perceives it, the parties could have jointly filed the notice of acceptance, offer of judgment, and proof of service in a way that would preserve Midwest ISO's confidential information. Even if Chambers had served her notice of acceptance on Midwest ISO in advance of the filing, there is nothing in the rule to suggest that the parties had to file the rest of the documents jointly. *See* Fed. R. Civ. P. 68. Further, there was nothing in the offer specifically requiring that Chambers wait for Midwest ISO's approval to file the offer, her acceptance, and proof of service or that she file it jointly with Midwest ISO.

Additionally, there is nothing in the rule that prevents Chambers from filing exactly as she did. Midwest ISO points to no case law to support its argument. Rule 68, by its plain language, does not foreclose the possibility of a plaintiff's concurrent service of a notice of acceptance and her filing of the notice of acceptance, the offer and proof of service. By virtue of the local rule governing service, it is possible that both service and filing could occur contemporaneously, and that is precisely what happened in this case. In the absence of support for Midwest ISO's position in cases interpreting the rule, the Court declines to require Chambers to withdraw and refile the notice of acceptance and offer of judgment on these grounds.

Midwest ISO argues that the notice of acceptance, the offer, and the clerk's entry of judgment should keep the offer amount confidential pursuant to the offer's vague confidentiality condition. Specifically the offer provides, "[Midwest ISO] hereby offers to allow judgment to be taken against it for the total and single sum of Forty Thousand Dollars ($40,000.00) in exchange for [Chambers'] full and final release of all claims, known and unknown, against [Midwest ISO], as well as assurances of confidentiality." Dkt. No. 82-1. Although Midwest ISO argues that "[i]t is not uncommon for offers of judgment to include confidentiality provisions like the one included in [its] offer of judgment," Def.'s Mot. ¶ 7, it cites only one case in which an offer of judgment contained such a provision. *See Danow v. Law Office of David E. Borback*, 634 F. Supp. 2d 1337, 1341 (S.D. Fla. 2009). Further, to the extent that Midwest ISO places any reliance on *Danow* for the proposition that its confidentiality condition is enforceable to prevent the offer amount from reaching the public record, that reliance is misplaced. *Danow* merely noted that there was a confidentiality provision contained within the offer of judgment in that case. *Id.* In fact, the plaintiff in

4

*Danow* rejected the offer of judgment and the court did not analyze the enforceability of the confidentiality condition. *See id.*

Perhaps a differently drafted offer of judgment may be able to protect the confidentiality of a settlement amount, but the confidentiality term contained within the instant offer was not clear enough to prevent Chambers from following the filing procedure allowed by the rule. *See Herrington v. County of Sonoma*, 12 F.3d 901, 907(9th Cir. 1993) (noting that ambiguities in an offer of judgment will be "construed against the offeror as the drafting party"). Once a party files her notice of acceptance, the offer, and proof of service, Rule 68 mandates that the clerk enter judgment in favor of the party accepting the offer. Fed. R. Civ. P. 68; *Webb v. James*, 147 F.3d 617, 621 (7th Cir. 1998). Filing essentially transforms a confidential unaccepted offer into a matter of public record upon acceptance.

In essence, Midwest ISO seeks to have its offer of judgment treated like a private settlement agreement. Midwest ISO's offer of judgment cannot result in a private settlement agreement; instead, the result of its acceptance allowed by rule is an entry of judgment for a sum certain. Entries of judgment are presumptively open and viewable to the public. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny. . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like a fiat and requires rigorous justification."); *In re Sealing & Non-Disclosure*, 562 F. Supp. 2d 876, 891 (S.D. Tex. 2008) (noting that documents "generated by the court," like entries of judgment mandated by the procedures of Rule 68, are "hardly ever closed to the public" and that federal statutes and rules confirm the important distinction between judicial rulings and other case-related filings). Rule 68 mixes the judicial role with

the role of private parties in settlement but, ultimately, when a party avails itself of the rule, it is invoking the power of the court to generate a final judgment.  In light of Midwest ISO's failure to point to any support indicating that its confidentiality condition should operate to bar the public filing of the notice of acceptance and the offer of judgment including the sum for which the offer was made and considering the countervailing policy that strongly supports transparency with regard to court generated documents, the Court **DENIES** Midwest ISO's motion to require Chambers to withdraw her notice of acceptance of Midwest ISO's Offer of Judgment and refile it in a form that preserves confidential information.

Finally, Midwest ISO moves for Chambers to reimburse its costs and fees for both bringing this motion and in preparing for the telephone conference of July 16, 2010. Midwest ISO has cited nothing in the record, in precedent, or codified in statute to support its claim for fees.  Therefore, this Court **DENIES** Midwest ISO's request for costs and fees.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's, Midwest Independent Transmission System Operator, Inc., motion in its entirety.

IT IS SO ORDERED this 4th day of August, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

James F. Ehrenberg Jr.
BARNES & THORNBURG LLP
jehrenberg@btlaw.com

Denise K. LaRue
HASKIN LAUTER  & LARUE
dlarue@hlllaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Bradley L. Wilson
HASKIN LAUTER  & LARUE
bwilson@hlllaw.com